**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| JOSE RAMON ARIAS IRIARTE,<br><br>    Petitioner,<br><br>v.<br><br>SCOTT LADWIG, Acting Director of the<br>New Orleans Field Office of ICE, in his<br>official capacity, et al.,<br><br>    Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-02355-SHL-tmp |

**ORDER REQUIRING SERVICE AND STAYING TRANSFER**

On March 31, 2026, Petitioner Jose Ramon Arias Iriarte[1] filed the Petition for Writ of

Habeas Corpus (28 U.S.C. § 2241).  (ECF No. 1.)  Arias Iriarte challenges his detention by

Respondent at the West Tennessee Detention Facility "pursuant to 8 U.S.C. § 1225(b)" as

unlawful and violative of his Fourth Amendment rights and Fifth Amendment due process

protections.  (ECF No. 1-3 at PageID 12–13.)  He seeks release on "reasonable bond or parole,"

among other things.  (ECF No. 1 at PageID 7.)

Despite these allegations, the Petition is unclear as to some facts (like where Arias Iriarte

entered the United States or has resided), and contains sometimes-contradictory information.  For

instance, the Petition states that Arias Iriarte is detained, on the one hand, as an "arriving alien"

(ECF No. 1-3 at PageID 11), but charged, on the other, "as an 'alien present in the United States

who has not been admitted or paroled,' in contrast to an 'arriving alien'" (id. at PageID 13).

Counsel is reminded, not for the first time, that by signing the Petition, she represents to the

---

[1] The Docket shows Petitioner's second surname as "Iriate," but his filings identify him
as "Iriarte."  The Clerk is **DIRECTED** to modify the docket to reflect the "Iriarte" spelling.

Court that its "factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(3). It is unclear from a review of the Petition on what grounds that Arias-Iriarte seeks relief, as the filing does not explain <u>how</u> his present detention violates his constitutional rights.

In the interest of judicial economy, and to preserve resources for all parties, Arias-Iriarte's counsel is advised to provide the necessary information to begin, and include factual contentions that have evidentiary support. <u>See, e.g.</u>, <u>Veloz Alvarado v. Ladwig</u>, 26-cv-02124 (W.D. Tenn. Feb. 7, 2026). The current state of things is, at best, inefficient.

Further, it is **ORDERED** as follows:

(1)     Arias Iriarte shall, within **five days** of this Order, serve one copy each of the Petition (ECF Nos. 1, 1-1, 1-2, 1-3) and this Order (ECF No. 6) on the United States Attorney for the Western District of Tennessee at the following address:

> Stuart Canale, Assistant United States Attorney
> United States Attorney's Office
> 167 North Main Street
> Suite 800
> Memphis, TN 38103

Additionally, Arias Iriarte shall send the documents listed above to the United States Attorney for the Western District of Tennessee electronically at the following email address: **stuart.canale@usdoj.gov**. Failure to fully comply with these service requirements may justify dismissal of the Petition. <u>See</u> Fed. R. Civ. P. 41(b) ("If the plaintiff fails to . . . comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

(2)     Within **five days** of this Order, Ladwig shall respond to the petition for writ of habeas corpus in writing.

(3)     Arias Iriarte may file a reply within **two days** after Ladwig's responsive filing.

(4)    Ladwig shall not transfer Arias Iriarte out of the West Tennessee Detention Facility during the pendency of the Petition.

**IT IS SO ORDERED,** this 10th day of April, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

3